# UNITED STATES DISTRICT COURT
## Eastern District of Michigan

UNITED STATES OF AMERICA

V.

LEE COX
*Defendant*

**ORDER OF DETENTION PENDING TRIAL**

Case Number: 07-30502

In accordance with the Bail Reform Act, 18 U.S.C. § 3142(f), a detention hearing has been held. I conclude that the following facts require the detention of the defendant pending trial in this case.

### Part I—Findings of Fact

☐ (1) The defendant is charged with an offense described in 18 U.S.C. § 3142(f)(1) and has been convicted of a ☐ federal offense ☐ state or local offense that would have been a federal offense if a circumstance giving rise to federal jurisdiction had existed - that is
- ☐ a crime of violence as defined in 18 U.S.C. § 3156(a)(4).
- ☐ an offense for which the maximum sentence is life imprisonment or death.
- ☐ an offense for which a maximum term of imprisonment of ten years or more is prescribed in _____.*
- ☐ a felony that was committed after the defendant had been convicted of two or more prior federal offenses described in 18 U.S.C. § 3142(f)(1)(A)-(C), or comparable state or local offenses.

☐ (2) The offense described in finding (1) was committed while the defendant was on release pending trial for a federal, state or local offense.

☐ (3) A period of not more than five years has elapsed since the ☐ date of conviction ☐ release of the defendant from imprisonment for the offense described in finding (1).

☐ (4) Findings Nos. (1), (2) and (3) establish a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of (an) other person(s) and the community. I further find that the defendant has not rebutted this presumption.

### Alternative Findings (A)

☐ (1) There is probable cause to believe that the defendant has committed an offense
- ☐ for which a maximum term of imprisonment of ten years or more is prescribed in _____.
- ☐ under 18 U.S.C. § 924(c).

☐ (2) The defendant has not rebutted the presumption established by finding 1 that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community.

### Alternative Findings (B)

☑ (1) There is a serious risk that the defendant will not appear.

☑ (2) There is a serious risk that the defendant will endanger the safety of another person or the community.

### Part II—Written Statement of Reasons for Detention

I find that the credible testimony and information submitted at the hearing establishes by ☑ clear and convincing evidence ☐ a preponderance of the evidence that

This is a presumption case. Defendant Lee Cox, aka "Nudeslave2000", is a 44 year old unemployed husband and father of three minor children, two boys ages 8 and 14, and an 11 year old girl. Defendant is charged with enticing, via use of the internet, telephone, and text messages, a 13 year old girl to engage in sexual activity with him.

(CONTINUE WITH PAGES 2-4)

### Part III—Directions Regarding Detention

The defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States marshal for the purpose of an appearance in connection with a court proceeding.

| November 2, 2007 | s/ Mona K. Majzoub |
|---|---|
| *Date* | *Signature of Judge* |
| | MONA K. MAJZOUB UNITED STATES MAGISTRATE JUDGE |
| | *Name and Title of Judge* |

*Insert as applicable: (a) Controlled Substances Act (21 U.S.C. § 801 *et seq.*); (b) Controlled Substances Import and Export Act (21 U.S.C. § 951 *et seq.*); or (c) Section 1 of Act of Sept. 15, 1980 (21 U.S.C. § 955a).

Defendant Cox met "Haley", (who was in fact Detective Tonya Rider of the Toledo Police Department operating under the Ohio Internet Crimes Against Children Task Force) while chatting on line. Det. Rider was approached while in the Michigan romance chat room #15 via instant messenger by "Nudeslave2000" on July 30, 2007. Det. Rider identified herself as a 13 year old female from Ohio. Defendant introduced himself as a 44 year old male from Michigan. Defendant engaged in 25 online chats between July 30, 2007 and October 8, 2007. The chats became sexually explicit almost immediately, with Defendant Cox asking if she preferred sex with boys or girls, whether she masturbated, and if so, if she had orgasms, whether she had seen a naked boy before, whether she shaves her "pussy", what size her breasts are, and whether she has a nice figure. He wanted to know how often she visited her relatives in Livonia, what degree of supervision she was under, indicated he was looking for sex with no strings attached, and thought it would be very special to take her virginity, as she told him she had very limited sexual activity.
He told her that he loved "to such and lick on pussy lips and I love to have cum in my mouth so when you'd cum I'd drink every drop."

On the next day, July 31, he told her he wanted to meet her....either in Toledo or in Livonia.

During a 8/23/07 chat Defendant Cox told her that he was happy that she was a virgin, because he could teach her things and they could explore together, that he loves oral sex which is why he asked her earlier if she shaved her vaginal area. He told her that the last time he had sex with his wife he thought of her, thinking he was licking and sucking her "pussy" and her breasts, and stated "I want to feel you cum in my mouth". He shared with her that he visits numerous chat room such as Fetishes, Married and Looking.

These sexually explicit chats continued through October 14, 2007, when they abruptly ended as a result of Defendant's wife locking him out of the home computer when she discovered some pictures of women that he had stored on line. He told "Haley" that from that point forward, they would have to communicate by cell phone calls and text messages.

On October 25, 2007, Defendant Cox learned that "Haley" would be coming to Livonia on November 1, 2007, and he suggested that they meet in person, so that he could do all the sexual things they had been talking about with her. He told her on October 31, 2007 that he had been masturbating, thinking about the upcoming meeting. At that time he and "Haley" agreed to meet on November 1, 2007 at Rotary Park in Livonia at approximately 11:00 a.m.

During chats August 23 and September 27, 2007 Defendant Cox provided Det. Rider with 8 (eight) pictures of himself exposing his genitalia and buttocks (see Govt. Exhibit 1). Four (4) of these photographs were taken by Defendant in his 11 year old daughter's bedroom using his camera.. In these pictures he exposes his penis in various stages of erection. He took one photo of himself dressed in a blue G-string in the kitchen using his camera. One photo (by cell phone) was taken by Defendant of himself lying on his bed in his own bedroom holding his erect penis with his legs spread. And two photos, where Defendant is depicted anally penetrating himself with a dildo, were taken in the bathroom by cell phone.

On the morning of November 1, 2007 Defendant Cox arrived at Rotary Park driving his own car. When he approached the undercover police officer, he was arrested, taken into custody, and searched. In his car were three condoms (he said for protection), and a camera.

Defendant Cox waived his Miranda Rights (Gov Exh 2) and wrote out a five page statement (Gov Exh 3). He admitted that the camera was to take sexual pictures of "Haley", with her consent. He also states that "the more we chatted the closer I felt to her...she was comfortable to talk about anything, whether day to day stuff ...or sexual stuff. The computer we chatted from is in my daughter's room....I traveled to meet Haley and to have consensual sex...oral sex and intercourse if she wanted to...we had chatted about her cousin Caitlin and I chatted with her (Caitlin) a couple of times.....and if they both wanted to meet for consensual sex I was willing."

Defendant ends his statement stating that he realizes "this was a mistake....and will never happen again" and that he intends to get help to work on his problem.

Defendant's wife will not allow him back into the house. She fears for her children. Defendant's wife and both of his parents believe that suicide is a concern, although Defendant has never exhibited suicidal tendencies in the past. Defendant's parents, both in their 70's, are retired and live in Taylor in their own home with their 34 year old daughter. They have five grandchildren. They have a computer in the house. They have offered to act as 3rd party custodians to the defendant, explaining that they will see to it that he is never left in the house alone, that they house has an alarm system, and that he will not be given the password to their computer. They also stated that "it's not their son that did this....this is too horrible, too unbelievable".

Notwithstanding the willingness of Defendant's parents to take on the responsibility of 3rd party custodians for their son, the Court has concerns about their ability to comprehend the situation in its entirety, and to take on the responsibility of 3rd party custodians. They are visibly frail individuals who more likely than not could not prevent their son from suicidal attempts within the home, could not prevent him from using a knife, or scissors, or from fleeing, if he so chose. The predatory actions of this Defendant render him an extreme danger to society at large, and his own children, as demonstrated by his wife's unequivocal actions and statements. His wife wants his children protected from their father. His desire and willingness to lure and engage a child in sexual acts, his willingness to abuse not only "Haley" but her cousin, "Caitlin", made right by their willingness to "consent" demonstrate a perversity, a desire and compulsion to engage in acts of perversion that defies rational judgment, behavior and thought.

The fact that he took lewd pictures of himself in his own daughter's bedroom demonstrates to the Court that this individual lacks any and all normal sense of appropriate boundaries. None of this bodes well for conditions of bond. The conditions of bond suggested by Pretrial Services do not, in the opinion of this Court, rebut the presumption of detention as put forth in the Bail Reform Act. Defendant poses a serious danger to the community and himself, and also poses a flight risk.

For these reasons, this Court finds that there are no conditions of bond that would assure the safety of the community, the safety of the defendant, or assure defendant's appearance in court. Detention is therefore Ordered.