**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

**UNITED STATES OF AMERICA,**

    **Plaintiff,**

                                                                      **CR. No: 07-20544**
**-v-**                                                            **Honorable Denise Page Hood**

**LEE COX**,

    **Defendant.**
                                    /

**ORDER DENYING DEFENDANT'S**
**MOTION TO REVOKE ORDER OF DETENTION PENDING TRIAL**

**I.  INTRODUCTION**

This matter is before the Court on Defendant's Motion to Revoke Order of Detention Pending Trial (Dkt. # 9, filed on November 6, 2007). The Government filed a Response on November 20, 2007. A hearing on Defendant's Motion was held on December 7, 2007.

**II.  FACTS**

    A.    <u>Background</u>

Defendant Lee Cox ("Defendant" or "Cox") is charged with Enticement of a Minor, in violation of 18 U.S.C. § 2422(b), an offense which carries a minimum mandatory imprisonment term of ten years. It is alleged that on July 30, 2007, he initiated online contact with a persona he believed to be a 13-year-old girl from Ohio. In reality the 13-year-old persona was Toledo Police Detective Tonya Rider. The content of his messages to Detective Rider were sexually explicit almost immediately. He told her that he wanted to be her first sexual partner and that he wanted

to visit her in Toledo to have intercourse.

On October 25, 2007, Detective Rider told Defendant that she would be coming to Livonia, Michigan to visit her grandparents. Defendant suggested that they meet at a park in Livonia on November 1, 2007. On November 1, 2007, he arrived at the park, approached a female officer staged as a decoy, and was arrested. During a search incident to his arrest, officers recovered three condoms and a digital camera. After his arrest, he waived his Miranda rights and voluntarily admitted, among other things, that he intended to have sex with the minor.

Defendant's detention hearing was held on November 2, 2007 before Magistrate Judge Mona Majzoub. Based upon the testimony proffered at the detention hearing, Magistrate Judge Majzoub found, by clear and convincing evidence, that there was a serious risk that Defendant would not appear for his January 15, 2008 trial date and that there was a serious risk that he posed a danger to the safety of others and the community. Magistrate Judge Majzoub entered an Order of Detention Pending Trial on November, 2, 2007. Defendant now appeals this Order.

B.  November 2, 2007 Detention Hearing

The Court has reviewed the testimony proffered at the November 2, 2007 detention hearing. At that hearing, the Government elicited testimony from Secret Service Special Agent Eric Clark. Agent Clark testified that Cox exchanged approximately twenty-five electronic exchanges with Detective Rider between July 30, 2007 and October 8, 2007, until Cox's wife blocked Cox's computer access. On July 30, 2007, Cox asked Detective Rider, among other things, her breast size, if she had a nice figure, if she shaved her vaginal area, if she had ever masturbated, if she had ever seen a naked boy, or if she had ever had sex. He also asked Detective Rider if she was a virgin, remarking that he would be proud to be her first sexual partner. As early as July, 31, 2007, Cox

2

broached the subject of meeting in person. On two occasions, Cox sent photographs to Detective Rider. Those pictures, eight in total, were submitted by the Government as Exhibit 1. Even after his wife blocked his computer access, Cox continued to communicate with Detective Rider with cellular phone text messages and direct telephonic contact. Cox initially provided his cellular phone number to Detective Rider on August 23, 2007.

After law enforcement apprehended Cox on November 1, 2007, Agent Clark testified that a search of Cox and his vehicle uncovered three condoms and a digital camera. Agent Clark further testified that Cox waived his Miranda rights and revealed his plan to engage in sexual intercourse with a minor. Cox also indicated at that time that he had planned to engage in sexual relations with someone he thought to be Detective Rider's 13-year-old female cousin, if the cousin had come along and was willing. Cox further indicated that, although he had never attempted to meet with other minors, he had chatted online with several individuals that he believed were minors.

On cross-examination, Agent Clark testified that, prior to Cox's November 1, 2007 arrest, Cox had no criminal history and no prior contact with law enforcement. Agent Clark further testified that after the authorities arrested Cox, Cox was very cooperative with them and never threatened to hurt anyone, including Detective Rider.

Lee Cox ("Mr. Cox") and Lois Cox ("Mrs. Cox"), Cox's parents, also offered testimony at the detention hearing, in response to several questions posed by the Magistrate Judge. Both in their seventies and retired, they testified that they were willing to be third-party custodians for Defendant. They currently reside in three-bedroom home located in Taylor, Michigan, along with their 34-year-old single daughter. No children reside in the home. They testified that they would never leave Defendant alone, and that at least one of them would remain with him at all times. They further

testified that their home is equipped with a single-line telephone, as well as with an alarm system which is connected to all doors and windows in the home. The alarm system is pass code protected and Defendant is not privy to the pass code. They also have a computer in their home.

### C. December 7, 2007 Hearing

At the December 7, 2007 hearing, the Court heard arguments from counsel and testimony from Mr. Cox. Mr. Cox reaffirmed his willingness to act as Defendant's third-party custodian, noting that he would contact Pretrial Services if Defendant attempted to flee from Mr. Cox's home. Mr. Cox also reaffirmed his willingness to permit authorities to connect an electronic tethering system to his home telephone line. Mr. Cox reiterated the fact that Defendant is unaware of the alarm system's pass code. Lastly, Mr. Cox indicated that he wished to keep his computer at home for personal reasons, but assured the Court that it would be locked in a room to which Defendant did not have access.

Defendant argued that there are conditions of release which would assure Defendant's future appearances and the safety of the community. He argued that electronic monitoring, confinement to his parents' home, restricted computer access, restricted travel, supervised visits with his children, and an unsecured bond would constitute such conditions.

The Government vehemently disagreed. It argued that Defendant should remain in custody because § 2422(b)'s ten-year mandatory minimum sentence may cause him to flee, because his crime involved a minor, and because his parents would not be physically capable of preventing his escape from their home. The Government also expressed concern that Defendant might attempt to "flee" by way of suicide. Defendant has never had a history of mental health problems or expressed a desire to take his own life. However, when speaking with Pretrial Services, Defendant's wife and

father both indicated that Defendant may have suicidal inclinations. In light of these facts, the Government concluded that there are no conditions of release which would assure Defendant's future appearances and the safety of the community.

### III. APPLICABLE LAW

The Court applies a *de novo* standard when reviewing the detention order of a Magistrate Judge. *See United States v. Romans*, 2000 WL 658042, *1 (6th Cir. 2000); *see also United States v. Yamini*, 91 F. Supp. 2d 1125, 1130 (S.D. Ohio 2000). 18 U.S.C. § 3142(f) sets forth the parameters of a defendant's detention hearing:

> (f) The judicial officer shall hold a hearing to determine whether any condition or combination of conditions set forth in subsection (c) will reasonably assure the appearance of the person as required and the safety of any other person and the community--
>
> (1) upon motion of the attorney for the Government, in a case that involves–
>
> ..........................
>
> (E) any felony that . . . involves a minor victim . . .; or
>
> (2) Upon motion of the attorney for the Government or upon the judicial officer's own motion, in a case that involves--
>
> (A) a serious risk that the person will flee;

18 U.S.C. § 3142(f). A rebuttable presumption that no condition or combination of conditions will reasonably assure the appearance of the defendant and the safety of the community arises if there is probable cause that the defendant committed an offense involving a minor child under 18 U.S.C. § 2422. 18 U.S.C. § 3142(e). The indictment is sufficient to establish probable cause that a defendant committed the charged offense. *United States v. Hazime*, 762 F.2d 34, 37 (6th Cir. 1985). If a defendant produces some evidence to rebut the presumption, "the rebutted presumption retains

5

evidentiary weight." *United States v. Dillon*, 938 F.2d 1412, 1416 (1st Cir. 1991).

The rebuttable presumption does not relieve the Government of its ultimate burden of proof. *United States v. Music*, 2007 WL 2067057, at *3 (W.D. Ky. July 16, 2007). The facts used to determine that no condition or combination of conditions will reasonably assure the appearance of the defendant and the safety of the community must be supported by clear and convincing evidence. 18 U.S.C. § 3142; *Hazime*, 762 F.2d at 37.

In determining whether no condition or combination of conditions will reasonably assure the appearance of the defendant and the safety of the community, the district court must take into account the available information concerning: 1) the nature and circumstances of the offense charged; 2) the weight of the evidence against the defendant; 3) the history and characteristics of the defendant; and 4) the nature and seriousness of the danger posed by the defendant's release. 18 U.S.C. § 3142(g).

**IV.    ANALYSIS**

For the following reasons, the Court finds that clear and convincing evidence supports the conclusion that no condition or combination of conditions will reasonably assure the appearance of Defendant and the safety of the community. This finding is supported by federal case law. Notably, the facts of this case are very similar to those of *United States v. Minnici*, 128 Fed. Appx. 827 (2d Cir. 2005), a case in which the defendant was detained pending trial for the same crime as Defendant, and all four factors of § 3142(g) tipped in favor of detention pending trial. Accordingly, Defendant's Motion must be denied.

As to the first and fourth factors, the nature and circumstances of the offense charged and the nature and seriousness posed by Defendant's release, Defendant's behavior leading up to his arrest tips in favor of his detention pending trial. It is alleged that over a three-month period, Defendant communicated in a sexually explicit manner with someone he believed to be a 13-year-old girl. The evidence is likely to show that, in graphic detail, Defendant described and suggested sexual acts that he wanted to perform with her, as well as with her 13-year-old cousin. Defendant sent sexually explicit pictures of himself to her, some of which he had taken while in his daughter's bedroom. Defendant eventually traveled from his home to a park in Livonia, Michigan in an attempt to have sex with the minor.

Although Mr. and Mrs. Cox testified that they are willing to act as his third-party guardians, and Defendant indicated that he will refrain from any Internet usage and will submit to electronic monitoring, these promises are not sufficient to overcome the § 3142(e) presumption that Defendant poses a danger to the community and will not appear for trial. Mr. Cox indicated at the December 7, 2007 hearing that he has a home computer, that he would keep his home computer during Defendant's stay at the home, but that the computer would be maintained in a locked room away from Defendant. Although the Court believes that Mr. Cox would, in his best efforts, attempt to prevent Defendant from accessing the Internet, it is clear from Defendant's past behavior that Mr. Cox's efforts would not likely be effective. The activities to which the Government claims Defendant has admitted appear to be "of an addictive sexual nature that cannot be suppressed simply by a restrictive set of bail conditions." *Minnici*, 128 Fed. Appx. at 829. For instance, even after Defendant's wife locked Defendant out of the family computer, he still found a way to communicate

with Detective Rider by telephone. Because Defendant has admitted to contacting other minors via the Internet, the strong possibility remains that Defendant's desires and impulses may drive him to rekindle those relationships – if not via the Internet, possibly by telephone.

The second factor, the weight of the evidence against Defendant, tips in favor of his detention pending trial. The weight of the evidence against Defendant is overwhelming. Defendant voluntarily confessed to communicating with someone he believed to be a 13-year-old girl, wanting have sex with the girl and possibly her minor cousin, and traveling to a park – bringing with him three condoms and a digital camera – to engage in sex with the girl.

The third factor, Defendant's history and character, tips in favor of his detention pending trial. Although this is Defendant's first arrest, "this . . . alone does not preclude detention." *Music*, 2007 WL 2067057, at *5 (citing *United States v. Abad*, 350 F.3d 793, 798 (8th Cir. 2003). Defendant was so consumed with his sexual desires that he communicated with Detective Rider while visiting with his in-laws and at least once while sitting on the couch next to his wife. (Government's Br., at 7.) Defendant appears to lack self control. Further, even though Defendant has never attempted suicide in the past, Defendant's wife and father believe that Defendant is suicidal. (*Id.*, at 8.)

After reviewing the relevant materials *de novo*, including the testimony presented at the detention hearing before the Magistrate Judge, the findings of the Magistrate Judge, and the additional evidence presented at the December 7, 2007 hearing, the Court concludes, in light of the § 3142(g) factors, that there are no set of conditions of release which would reasonably assure Defendant's future appearances and the safety of any other person and the community.

## V. CONCLUSION

For the reasons stated above,

IT IS ORDERED that Defendant's Motion to Revoke Order of Detention Pending Trial (Dkt. # 9, filed on November 6, 2007) is DENIED.

                                                  *s/ DENISE PAGE HOOD*
                                                  DENISE PAGE HOOD
                                                  United States District Judge

DATED: *January 9, 2008*

I hereby certify that a copy of the foregoing document was served upon counsel of record on January 9, 2008, by electronic and/or ordinary mail.

                                                  S/William F. Lewis
                                                  Case Manager